UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL R. TOTH, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | *   Civil Action No. 19-cv-11611-ADB |
| STEPHEN SPAULDING, Warden, FMC Devens, | * |
| | * |
| Respondent. | * |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Petitioner Paul R. Toth, ("Petitioner"), filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief in connection with a disciplinary hearing that resulted in losing good time credit, spending time in segregation and special units, and restrictions on e-mail and commissary use. [ECF No. 1 at 5]. Petitioner alleges that these punishments were in violation of his Sixth Amendment right to counsel and his Fifth Amendment right to Due Process. See generally [id.]. Currently before the Court is Respondent Stephen Spaulding's ("Respondent") Rule 12(b)(6) motion to dismiss for failure to state a claim. [ECF No. 10]. For the reasons set forth below, Respondent's motion, [ECF No. 10], is GRANTED.

I.   **BACKGROUND**

Petitioner is currently serving a 108-month term of imprisonment at the Federal Medical Center in Devens, Massachusetts, for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and money laundering in violation of 18 U.S.C. § 1956 (a)(2)(B)(1). [ECF No. 1 at 2; ECF No. 11 at 1–2]. Petitioner seeks relief from a punishment imposed after a

disciplinary hearing that took place in April 2018, when Petitioner was being held at the Federal Correctional Institution in Morgantown, West Virginia. [ECF No. 11 at 2].

On January 12, 2018, a forensic analysis on a cell phone found in Petitioner's unit indicated that a call had been placed to a number that was on Petitioner's Bureau of Prisons ("BOP") approved call list. [ECF No. 1 at 6; ECF No. 1-1 at 4 (April 11, 2018 disciplinary hearing report)].[1] That number was not on the approved call list of any other inmate. [ECF No. 1 at 6; ECF No. 1-1 at 4]. On March 6, 2018, Toth was issued an incident report charging him with a violation of Code 108, possession of a hazardous tool (cell phone). [ECF No. 1 at 6; ECF No. 1-1 at 6 (incident report)]. Petitioner states that on March 9, 2018, a staff member further informed him of the charge and his rights, including that he could select a staff member to represent him at the upcoming disciplinary hearing. [ECF No. 1 at 9; ECF No. 1-1 at 2 (notice of inmate rights)]. Petitioner selected a staff member to represent him but was unable to meet with her until twenty minutes before the scheduled hearing. [ECF No. 1 at 9; ECF No. 1-1 at 3 (hearing report, indicating that Petitioner's selected staff member was present)].

On April 11, 2018, Petitioner attended the disciplinary hearing, which was presided over by a Disciplinary Hearing Officer ("DHO"). [ECF No. 1 at 9; ECF No 1-1 at 3]. During the hearing, the staff member he had selected to represent him did not provide him with legal advice. [ECF No. 1 at 9, 10]. Petitioner acknowledged using the cell phone to call his family after learning of a family emergency, telling the DHO, "I did use the phone to make a call." [ECF No. 1 at 10; ECF No. 1-1 at 4]. The DHO found Petitioner guilty of the charge and imposed the

---

[1] Petitioner attached copies of the disciplinary record to his petition. [ECF No. 1-1]. When reviewing a motion to dismiss under Rule 12(b)(6), the Court "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

following sanctions: loss of forty-one days of good time; seven days in disciplinary segregation; loss of commissary services for six months; and loss of e-mail use for six months. [ECF No. 1 at 5; ECF No. 1-1 at 5].

## II. LEGAL STANDARD

Section 2241 petitions are available to inmates who are "in custody under or by color of the authority of the United States . . . ." 28 U.S.C. § 2241. Petitions brought under "§ 2241 generally challenge[] the execution of a federal prisoner's sentence, including such matters as . . . prison disciplinary actions . . . ." Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)), recommendation adopted at 620 F. Supp. 2d 203, 204 (D. Mass. 2009). "A challenge . . . to a disciplinary action that resulted in the loss of good-time credits[] is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." Carter v. Grondolsky, No. 12-cv-11426, 2014 U.S. Dist. LEXIS 178303, at *9 (D. Mass. Dec. 30, 2014) (alterations in original) (quoting Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008)). "A petition under § 2241 must be brought in the district where the prisoner is incarcerated, and must follow exhaustion of all available federal administrative remedies." Id. (internal citations omitted) (first citing United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999); then citing Sayyah v. Farquharson, 382 F.3d 20, 24 (1st Cir. 2004)).[2]

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d

---

[2] Petitioner states that he has exhausted his administrative remedies, [ECF No. 1 at 2], and Respondent does not dispute this, see generally [ECF No. 11].

74, 80 (1st Cir. 2019). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. In addition, "[i]n reviewing the dismissal of a pro se complaint for failure to state a claim, [the Court] must construe it liberally . . . ." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "[t]his is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Id. (citing Leonardo v. Moran, 611 F.2d 397, 398 (1st Cir. 1979)).

### III.     DISCUSSION

Petitioner raises two grounds for relief: (1) that his Sixth Amendment rights were violated when he was not afforded counsel to represent him at the disciplinary hearing; and (2) that there was insufficient evidence to find him guilty of possession of a cell phone when he only admitted to using the phone to make a call. [ECF No. 1 at 9, 11].

#### A.     Right to Counsel

Petitioner argues that the staff member he selected to represent him at the hearing did not provide him with legal advice and should have advised him to argue for a lesser charge. [ECF No. 1 at 10]. Respondent contends that inmates do not have a Sixth Amendment right to counsel during disciplinary hearings and that Petitioner received Due Process under Supreme Court precedent. [ECF No. 11 at 3].

"There is no federal constitutional right to counsel in disciplinary proceedings . . . ." Felton v. Lincoln, 429 F. Supp. 2d 226, 242 (D. Mass. 2006) (citing Wolff v. McDonnell, 418 U.S. 539, 570 (1974)).  Although in Wolff v. McDonnell the Supreme Court indicated that a prisoner is entitled to some process during prison disciplinary hearings, the Supreme Court stated that it was "not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings."  418 U.S. at 570.  Petitioner was advised that he had a right to have a staff member "who [was] reasonably available to represent [him]" at the hearing, but was not told that the staff member would be able to provide him with legal advice.  [ECF No. 1-1 at 2 (notice of inmate rights)].  Petitioner made his selection but could not have reasonably understood the staff member to have training sufficient to represent him in a legal capacity.  As Petitioner acknowledges, the staff member did provide the DHO with an explanation for Petitioner's infraction, telling the DHO that Petitioner "was having various personal issues with his wife and kids at the time of the incident."  [ECF No. 1-1 at 3]; see also [ECF No. 1 at 9, 12].  Given the Supreme Court's disinclination to require counsel at disciplinary hearings, the Court finds that Petitioner's Sixth Amendment right to counsel was not implicated at the April 11, 2018 disciplinary hearing.  See Wolff, 418 U.S. at 570.

While not entitled to counsel, the Supreme Court has outlined several requirements for any "prison disciplinary hearing [that] may result in the loss of good time credits . . . ." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985).  These include: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  Id. (citing Wolff, 418 U.S. at 563–67).  Petitioner was provided with these

procedural protections.  First, as Petitioner acknowledges in his petition, [ECF No. 1 at 9], he was provided with advance notice of the charge, [ECF No. 1-1 at 6 (incident report dated March 6, 2018); id. at 2 (notice of inmate rights dated March 9, 2018)].  Next, Petitioner was given an opportunity to present evidence and call witnesses during the hearing, though he waived that right.  [Id. at 4 (hearing report, noting that Petitioner "stated [he] understood his rights, had no documentary evidence to present, and . . . . waived the previously requested witnesses and signed a statement confirming this.")].  Finally, Petitioner was given a written statement providing the evidence the DHO relied on—including the forensic report on the cell phone and Petitioner's own admission at the hearing—in entering a finding of guilty.  [Id. at 4–5].

Petitioner received the process that was due under existing Supreme Court precedent and has therefore failed to state a plausible claim to relief.  See Twombly, 550 U.S. at 570.

### B.     Evidence of Possession

Petitioner next argues that he did not realize he could have argued for a lesser charge (violation of Code 297, circumventing staff from monitoring a phone call) which would have resulted in losing less good time.  [ECF No. 1 at 11–13].  The Court construes this as a Due Process claim.  See Estelle, 429 U.S. at 106 (stating that *pro se* complaints should be liberally construed).  Respondent maintains that the DHO's finding on the possession charge was legally sufficient in the context of a prison disciplinary proceeding.  [ECF No. 11 at 4].

When an inmate's good time is at risk, the Supreme Court has imposed a burden of producing only "some evidence" to support a finding of guilt because "[r]evocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context."  Hill, 472 U.S. at 456 (internal citations omitted).  "The Federal Constitution does not

require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457.  This standard is intended to "help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." Id. at 455.

Review as to "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455–56.  As long as there is "some evidence in the record . . . that supported the [DHO's] conclusion" the Court is "not required to set aside decisions of prison administrators that have some basis in fact." Josselyn v. Poirier, No. 92-1014, 1992 U.S. App. LEXIS 28876, at *30 (1st Cir. July 27, 1992).

"Actual possession exists when a person has direct physical control over a thing." Henderson v. United States, 135 S. Ct. 1780, 1784 (2015) (first citing Black's Law Dictionary 1047 (5th ed. 1979); then citing 2A K. O'Malley, J. Grenig, & W. Lee, Federal Jury Practice and Instructions, Criminal §39.12 at 55 (6th ed. 2009)).  At his disciplinary hearing, Petitioner admitted to using the cell phone to contact his family.  [ECF No. 1 at 10; ECF No. 1-1 at 4].  This admission alone is sufficient to establish possession.  See Chavis v. Hazlewood, No. 19-cv-00488, 2020 U.S. Dist. LEXIS 46290 (D.N.H. Mar. 18, 2020) (stating that despite petitioner's contention that someone else owned the cell phone at issue, "there would still be some evidence in the record before the DHO to support the finding that [petitioner] 'possessed' the cellphone").  In addition, the DHO had evidence from the forensic report that included a number from Petitioner's BOP approved call list.  [ECF No. 1-1 at 4].  The DHO therefore had more than

"some evidence" to support his finding that Petitioner did, at least at one time, have possession of the cell phone. See Hill, 472 U.S. at 455–56. As a result, Petitioner's Due Process rights were not violated and he has failed to state a claim for relief. See id.; see also Twombly, 550 U.S. at 570.

## IV. CONCLUSION

Accordingly, Respondent's motion to dismiss the petition, [ECF No. 10], is GRANTED.

**SO ORDERED.**

August 13, 2020                                                   /s/ Allison D. Burroughs
                                                                  ALLISON D. BURROUGHS
                                                                  U.S. DISTRICT JUDGE